Philip W. Crawford, Esq.
Robert D. Brown Jr., Esq.
**GIBBONS P.C.**
**ONE GATEWAY CENTER**
**NEWARK, NJ 07102-5310**
(973) 596-4500
*Attorneys for Toyota Industrial Equipment Mfg., Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMES and TANYA GRAVELY, individually & as H/W,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**TOYOTA MOTOR CORPORATION, TOYOTA INDUSTRIAL EQUIPMENT MFG., INC. and JOHN DOES 1-10,**<br><br>**Defendants.** | **Civil Action No.: 1:10-cv-02609**<br><br>*Document electronically filed.*<br><br>**DEFENDANT TOYOTA INDUSTRIAL EQUIPMENT MFG., INC.'S ANSWER AND AFFIRMATIVE DEFENSES WITH JURY DEMAND TO PLAINTIFFS' COMPLAINT** |

Defendant, TOYOTA INDUSTRIAL EQUIPMENT MFG., INC. (hereinafter "TIEM"), a corporation with offices in Columbus, Indiana, by way of answer to plaintiffs' Complaint, hereby alleges and says:

### THE PARTIES/BACKGROUND

1. As to paragraph "1", TIEM denies knowledge or information sufficient to form a belief as to the truth of the allegations. Plaintiffs are left to their proofs.

2. As to paragraph "2", TIEM does not admit or deny the statements as they are not directed at it. To the extent, however, that the paragraph advances information relative to TIEM, TIEM denies knowledge or information sufficient to form a belief as to the truth of the allegations. Plaintiffs are left to their proofs.

3. As and for an answer to paragraph "3", TIEM admits that it is a corporation organized under the laws of the State of Indiana and that it is authorized to receive service of process at the address referenced in the caption of the Complaint.

4. As and for an answer to paragraph "4", TIEM does not admit or deny as no factual allegations have been asserted.

5. As and for an answer to paragraph "5", TIEM denies the allegations except to admit that it is a manufacturer/assembler of Toyota brand forklifts that are distributed into the State of New Jersey.

6. As and for an answer to paragraph "6", TIEM admits that it manufactures forklifts. Plaintiffs are left to their proofs regarding the model number referenced in the cited paragraph. TIEM denies the remainder of the allegations contained in the cited paragraph

7-8. As and for an answer to paragraphs "7" and "8", TIEM denies knowledge or information sufficient to form a belief as to the truth of the allegations. Plaintiffs are left to their proofs.

9-14. As and for an answer to paragraphs "9" through "14", TIEM denies all allegations that advance theories of wrongdoing on its part. Plaintiffs are left to their proofs.

**ANSWER TO COUNT I**
**(Negligence)**

15. As and for an answer to paragraph "15" of Count I of the Complaint, TIEM repeats and realleges its denials and/or admissions to each and every allegation contained in paragraphs "1" through "14", as though fully set forth herein.

16. As and for an answer to paragraph "16", TIEM denies all allegations that advance theories of wrongdoing on its part.

17. As to paragraph "17", TIEM denies knowledge or information sufficient to form a belief as to the truth of the allegations. Plaintiffs are left to their proofs.

18. As and for an answer to paragraph "18", TIEM denies the presence of any defects in said forklift at the time that it left its control. TIEM has insufficient knowledge or information sufficient to form a belief as to Plaintiff's level of knowledge regarding the forklift and its condition while in use on the date of incident. Plaintiffs are left their proofs.

19. Denied.

20. As and for an answer to paragraph "19", TIEM denies all allegations that advance theories of wrongdoing on its part.

21a-k. As and for an answer to paragraphs "21a-k", TIEM denies all allegations that advance theories of wrongdoing on its part.

**WHEREFORE,** defendant, Toyota Industrial Equipment Mfg., Inc., demands judgment in its favor and against plaintiffs dismissing plaintiffs' Complaint with prejudice, together with costs of suit and such further relief as the Court deems just, proper and equitable.

### ANSWER TO COUNT II
### (Breach of Warranty)

22. As and for an answer to paragraph "22" of Count II of the Complaint, TIEM repeats and realleges its denials and/or admissions to each and every allegation contained in paragraphs "1" through "21", as though fully set forth herein.

23. As and for an answer to paragraph "23", TIEM admits the allegations to the extent said allegations reference warranties which arise through the operation of law and the operation of the express warranty card provided with the product.

24. Denied.

25. As and for an answer to paragraph "25", TIEM denies all allegations that advance theories of wrongdoing on its part.

**WHEREFORE,** defendant, Toyota Industrial Equipment Mfg., Inc., demands judgment in its favor and against plaintiffs dismissing plaintiffs' Complaint with prejudice, together with costs of suit and such further relief as the Court deems just, proper and equitable.

### ANSWER TO COUNT III
### (Strict Products Liability)

26. As and for an answer to paragraph "26" of Count III of the Complaint, TIEM repeats and realleges its denials and/or admissions to each and every allegation contained in paragraphs "1" through "25", as though fully set forth herein.

27. As and for an answer to paragraph "27", TIEM denies all allegations that advance theories of wrongdoing on its part.

28. Denied.

**WHEREFORE,** defendant, Toyota Industrial Equipment Mfg., Inc., demands judgment in its favor and against plaintiffs dismissing plaintiffs' Complaint with prejudice, together with costs of suit and such further relief as the Court deems just, proper and equitable.

### ANSWER TO COUNT IV
### (Loss of Consortium)

29. As and for an answer to paragraph "29" of Count IV of the Complaint, TIEM repeats and realleges its denials and/or admissions to each and every allegation contained in paragraphs "1" through "28", as though fully set forth herein.

30. As and for an answer to paragraph "30", TIEM denies all allegations that advance theories of wrongdoing on its part.

**WHEREFORE,** defendant, Toyota Industrial Equipment Mfg., Inc., demands judgment in its favor and against plaintiffs dismissing plaintiffs' Complaint with prejudice, together with costs of suit and such further relief as the Court deems just, proper and equitable.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint must be dismissed for failure to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Any and all injuries sustained by Plaintiffs resulted from the actions of a third party or parties over whom this answering Defendant neither had nor has direction or control.

### THIRD SEPARATE DEFENSE

Any and all acts complained of and the injuries and alleged damages resulting therefrom were the result of the sole negligence of the Plaintiff.

### FOURTH SEPARATE DEFENSE

Any and all acts complained of and the injuries resulting therefrom were the result of the contributory negligence of the Plaintiff.

### FIFTH SEPARATE DEFENSE

Plaintiffs are barred from recovery against this answering Defendant because there is no proximate causation between the alleged misconduct, if any, of answering Defendant and the alleged damages suffered by Plaintiffs.

## SIXTH SEPARATE DEFENSE

Defendant did not breach or violate any legal duty owed to Plaintiffs.

## SEVENTH SEPARATE DEFENSE

Defendant did not commit any negligence or misfeasance for which liability to Plaintiffs would arise.

## EIGHTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## NINTH SEPARATE DEFENSE

Plaintiffs are barred from recovery for lack of compliance with the terms of the express warranty.

## TENTH SEPARATE DEFENSE

Plaintiffs are barred from recovery due to misuse of the product.

## ELEVENTH SEPARATE DEFENSE

Defendant is not liable to Plaintiffs on the grounds that the subject product and its accessory components were not in the same or similar condition at the time of the alleged incident as they were at the time of manufacture.

## TWELFTH SEPARATE DEFENSE

Plaintiffs are precluded from recovery against Defendant in whole or it part, pursuant to the provisions of the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1 et seq.

## THIRTEENTH SEPARATE DEFENSE

This answering Defendant is not liable, if at all, for more than its proper percentage of any award as set forth in the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq., and the New Jersey TortFeasors Contribution Law, N.J.S.A. 2A:53-1 et. seq.

## FOURTEENTH SEPARATE DEFENSE

Defendant hereby reserves the right to amend this Answer to assert additional Affirmative Defenses, cross claims, third-party complaints, and objections as revealed or suggested by the completion of ongoing investigation and discovery.

**WHEREFORE,** defendant, Toyota Industrial Equipment Mfg., Inc., demands judgment in its favor and against plaintiffs dismissing plaintiffs' Complaint with prejudice, together with costs of suit and such further relief as the Court deems just, proper and equitable.

## DEMAND FOR JURY TRIAL

Please take notice that Defendant Toyota Industrial Equipment Mfg., Inc. hereby demands trial by jury.

                **GIBBONS P.C.**
                Attorneys for Defendant
                Toyota Industrial Equipment Mfg., Inc.

By:    /s/ Robert D. Brown, Jr.
         Philip W. Crawford
         Robert D. Brown, Jr.

Dated: June 10, 2010

## CERTIFICATION OF SERVICE

Counsel for Toyota Industrial Equipment Mfg., Inc. hereby certifies that the within Answer, Affirmative Defenses and Jury Demand was served via Electronic Case Filing to the following named persons:

> Matthew P. Weisberg, Esq.
> Weisberg Law, P.C.
> 7 South Morton Avenue
> Morton, Pennsylvania 19070
> Phone:  (610) 690-0801
> Fax:  (610) 690-0880
> Email:  mweisberg@ppwlaw.com
> *Attorneys for Plaintiffs*

>> **GIBBONS P.C.**
>> Attorneys for Defendant
>> Toyota Industrial Equipment Mfg., Inc.
>>
>> By    /s/ Robert D. Brown, Jr.
>>         Robert D. Brown, Jr.

Dated:  June 10, 2010